```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM JAMES WALKER, JR.      :      CIVIL ACTION
                               :
         v.                    :
                               :
CITY OF PHILADELPHIA, ET AL.   :      NO. 09-2071
```

**M E M O R A N D U M**

**MCLAUGHLIN, J.**                                **SEPTEMBER 18, 2009**

Plaintiff, a prisoner, has filed a pro se civil rights complaint[1] against the City of Philadelphia; the Philadelphia County District Attorney's Office; District Attorney Lynne Abraham; the Defender Association of Philadelphia; and Public Defenders Ellen Greenlee, Dennis Kelly, John Madden and Nicole Taylor.  Plaintiff alleges that the defendants conspired to have him plead guilty to criminal charges[2] despite being aware of "DNA evidence" which would have proved his innocence.  Plaintiff alleges that the defendants suppressed this evidence despite his request for its production.  Plaintiff asserts that he was denied justice because of his "past history" and his status as a mental health patient.  As relief, plaintiff seeks damages and the release of all exculpatory evidence.

With the complaint, plaintiff filed a motion for leave

---

1. Plaintiff brings this action pursuant to 28 U.S.C. §§ 1983 and 1985.

2. Plaintiff identifies these criminal cases as Philadelphia County Court of Common Pleas Docket Nos. 1206821-2005 and 0901661-2006.

1

to proceed in forma pauperis.  Because it appears that he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis will be granted.  However, the complaint will be dismissed as legally frivolous for the reasons which follow.

**I. DISCUSSION**

    **A.**    **Standard of Review**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

    **B.**    **Claims under 42 U.S.C. § 1985**

To state a claim under § 1985(2) (second clause) or (3), plaintiff must allege that the defendants' actions were motivated by racially discriminatory animus.  Plaintiff has made no such allegation, nor is such a conclusion warranted by the alleged facts of this case.  Likewise, plaintiff has failed to state a cognizable claim under § 1985(1) (conspiracy to prevent a United States officer from taking office or performing official duties); or § 1985(2) (first clause) (conspiracy to deter a witness from attending or truthfully testifying in federal court).  What remains are plaintiff's claims under 42 U.S.C. §

1983.

### C.   Municipal Liability

As a municipal entity, the City of Philadelphia is not subject to liability in a civil rights action absent a showing that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-691 (1978), and that municipal practice was the cause of the injuries suffered, Bielevicz v. Dubinon, 915 F.2d 845, 850-851 (3d Cir. 1990).  There being no such showing in the instant case, plaintiff's claim against the City of Philadelphia is dismissed as legally frivolous.

### D.   Prosecutorial Liability

The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties.  Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976).  Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution."  Id. at 410.  Because nothing in this complaint suggests that the prosecutors in plaintiff's criminal cases acted outside the scope of their prosecutorial duties, plaintiff's claims for damages against the Philadelphia County District Attorney's Office and District Attorney Lynne Abraham are dismissed as legally frivolous.

### E.   Conspiracy Claim

Plaintiff alleges that the defendants conspired to

3

deprive him of his constitutional rights.  However, the record in this case shows that plaintiff's conspiracy claim is unsupported by any credible facts or theory.  Accordingly, the Court finds that plaintiff's conspiracy claim is frivolous, and it is dismissed for that reason.  See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims may be dismissed as legally frivolous when based on plaintiff's mere suspicion and speculation).

### F. Plaintiff's Defense Attorneys

In order to bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights.  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (listing elements of a § 1983 claim).  The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).  This conclusion applies regardless of whether the defense attorney is court-appointed or privately retained.  Black v. Bayer, 672 F.2d 309, 314 (3d Cir.), cert. denied, 459 U.S. 916 (1982).  Because the Defender Association of Philadelphia and attorneys Ellen Greenlee, Dennis Kelly, John Madden, and Nicole Taylor, do not act under color of state law, they may not be sued under § 1983, and plaintiff's claims against them are dismissed as legally frivolous.

**F. Malicious Prosecution**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted). District courts are directed to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id.

Here, plaintiff's claim that the defendants conspired to have him wrongly convicted of crimes by withholding exculpatory evidence, if proven, would "necessarily imply the invalidity of his conviction or sentence." Id. However, because there has been no showing of an invalidated conviction or sentence, plaintiff's malicious prosecution claim is dismissed as legally frivolous, without prejudice.

**G. Claim for Relief**

In addition to monetary relief, plaintiff asks the Court to order the production of "all exculpatory evidence that will prove [his] innocence." However, this is a form of relief which is not available in a § 1983 civil rights action because it

relates to the fact of plaintiff's conviction.  Plaintiff may request such relief only by means of a habeas corpus petition.  Preiser v. Rodriquez, 411 U.S. 475, 498-499 (1973).

**II. CONCLUSION**

Section 1915e(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis.  Because plaintiff has failed to advance any actionable violation of his constitutional rights, this case will be dismissed as legally frivolous, without prejudice, at this time.